**In The United States Court Of Appeals For The Federal Circuit**

RECEIVED
JUL 15 AM 9:20
US COURT OF APPEALS
FEDERAL CIRCUIT

Implied Surety: Anthony Romero Horn, Sr.

Judge: Kara Farnandez Stoll                    Case: 24-1054

## <u>Notice Of Subrogation: Clerk Of Court</u>

I have been made Secondarily Responsible for Debt by and through processes I was not given Full Disclosure of, I need you to "Certify My Rights To Subrogation" In Writing:

*Matthew 6:24; "No one can serve two masters; for either he will hate the one and love the other, or he will be devoted to the one and despise the other. You cannot serve both God and money."*

<u>Refusal to grant my "Equitable Rights" in "Writing", your own "Equity Lies Against You".</u>

Signed: _____ this _10th_ day
                  Anthony Romero Horn, Sr.

of _____July_____ 20_24_.

Alice Sharpe
My Commission Expires 11/17/2024

# United States Court of Appeals
# for the Federal Circuit

**ANTHONY ROMERO HORN, SR.,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

2024-1054

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

## JUDGMENT

THIS CAUSE having been considered, it is

ORDERED AND ADJUDGED:

**AFFIRMED**

FOR THE COURT

June 7, 2024
Date

Jarrett B. Perlow
Clerk of Court

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**ANTHONY ROMERO HORN, SR.,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

_____

2024-1054

_____

Appeal from the United States Court of Federal Claims
in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

_____

Decided: June 7, 2024

_____

ANTHONY ROMERO HORN, SR., Bessemer, AL, pro se.

KARA WESTERCAMP, Commercial Litigation Branch,
Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by
BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M.
MCCARTHY.

_____

2                                                        HORN v. US

Before STOLL and CUNNINGHAM, *Circuit Judges*, and
CECCHI, *District Judge*.[1]

PER CURIAM.

Anthony Romero Horn, Sr. appeals from a final deci-
sion by the United States Court of Federal Claims dismiss-
ing his complaint for lack of jurisdiction. *Horn v. United
States*, No. 23-509 C, 2023 WL 6182544 (Fed. Cl. Sept. 22,
2023) ("*Decision*"). Because the Court of Federal Claims
properly dismissed the complaint, we affirm.

## BACKGROUND

Mr. Horn filed the present suit against the United
States in the Court of Federal Claims seeking monetary re-
lief from a District of Columbia family court order requir-
ing Mr. Horn to pay child support. In his complaint,
Mr. Horn raised several constitutional, criminal, and state
law claims alleging that: (1) "he was not properly served
papers by the court in his child support case"; (2) "his case
was overseen by a magistrate judge, who, [he] argues, [did]
not have the constitutional authority to rule on [his] case";
and (3) "various local and municipal staff members com-
mitted criminal acts" against him. *Decision*, 2023 WL
6182544, at *1. The Court of Federal Claims concluded it
lacked jurisdiction over Mr. Horn's complaint as his claims
were not filed within the six-year statute of limitations as
required by 28 U.S.C. § 2501. Further, the court explained
that it lacked subject matter jurisdiction over all of Mr.
Horn's claims, including (1) his claims alleging criminal
conduct; (2) his claims against defendants other than the
federal government; and (3) his claims under the First,

---

[1]   Honorable Claire C. Cecchi, District Judge, United
States District Court for the District of New Jersey, sitting
by designation.

Fourth, Sixth, and Fourteenth Amendments, which are not money-mandating.

Mr. Horn appeals.   We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). Any "[f]indings of fact relating to jurisdictional issues are reviewed for clear error." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Tucker Act provides that: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations is a jurisdictional requirement that cannot be waived. *See John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006).

After analyzing Mr. Horn's arguments, we conclude that the trial court did not err in holding that Mr. Horn's claims are time-barred under the Tucker Act. Mr. Horn's complaint stems from his "child support order that was entered sometime before November 21, 2008," and the resulting loss of his vehicle in 2014 "allegedly due to his inability to satisfy his child support obligations." *Decision*, 2023 WL 6182544, at *4. The six-year time-limit of § 2501 "commences to run when claimants know or should know of their potential claims" and, here, more than six years have passed from the time Mr. Horn knew or should have known of these claims to the filing of Mr. Horn's complaint. *Shemonsky v. United States*, 215 F.3d 1340, 1999 WL 542849, at *1 (Fed. Cir. 1999) (citation omitted); *see also Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) ("[U]nder § 2501, a claim does not accrue until all the events which fix the

government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." (internal quotation marks and citations omitted)). Further, to the extent that Mr. Horn argues the Court of Federal claims erred by not considering that he was unaware of the six-year time limit, the statute of limitations is not tolled by a party's lack of knowledge of the time limit. *See Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed. Cir. 1984) ("It is settled . . . that 28 U.S.C. § 2501 is not tolled by the [parties'] ignorance of their legal rights." (emphasis omitted)).

Mr. Horn also seems to challenge the Court of Federal Claims' dismissal of his claims alleging constitutional violations of the Fourth, Sixth, and Fourteenth Amendments for lack of subject matter jurisdiction.[2] We see no error in the court's dismissal. For a party's claim to come within the subject matter jurisdiction of the Court of Federal Claims, the party "must identify a . . . source of substantive law that creates the right to money damages," or in other words, is "money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted). We have repeatedly held that the constitutional claims asserted by Mr. Horn are not money-mandating. *See Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (holding that the Fourth and Fourteenth Amendments are not money-mandating and thus, do not provide jurisdiction

---

[2] To the extent that Mr. Horn raises new issues in his appeal briefs, we do not consider these arguments because they were not raised in his submissions to the Court of Federal Claims. As a court of appellate review, we do not consider issues raised for the first time on appeal. *See Hitsman v. United States*, 825 F. App'x. 859, 861 (Fed. Cir. 2020) ("Ordinarily, we 'do[ ] not give consideration to issues not raised below.'" (alteration in original) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))).

under the Tucker Act); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation.").

We have considered Mr. Horn's remaining arguments and find them unpersuasive.[3] For the foregoing reasons, we affirm.

### AFFIRMED

### Costs

No costs.

---

[3] On May 9, 2024, Mr. Horn filed a petition for writ of mandamus requesting that we order the Department of Health and Human Services and the District of Columbia Department of Motor Vehicles to remove the indefinite suspension of his commercial driver's license. We do not have jurisdiction to do so. *See* 28 U.S.C. § 1295; *see also Perry v. United States*, 524 F. App'x. 680, 682 (Fed. Cir. 2013) ("A writ of mandamus is not a substitute for the regular appeal process, . . . and cannot be used [] to rectify [a party's] failure to file in the court that has jurisdiction over his claim.").

Anthony W. Hope, Sr.
102 Stonehaven Way
Pelham, Alabama 35124





Retail

U.S. POSTAGE PAID
FCM LG ENV
PELHAM, AL 35124

$9.88

RDC 99

9589 0710 5270 2125 1740 38

Kara Farnandez Stoll
Court Of Appeals For The Federal Circuit
Howard T. Markey National Courts Building
717 Madison Place N.W.
Washington, D.C. 20439

**In The United States Court Of Appeals For The Federal Circuit**

RECEIVED
'24 JUL 15 AM 9: 20
U.S. COURT OF APPEALS
FEDERAL CIRCUIT

**Implied Surety: Anthony Romero Horn, Sr.**

**Judge: Tiffany P. Cunningham**

**Case: 24-1054**

## <u>Notice Of Subrogation: Clerk Of Court</u>

I have been made Secondarily Responsible for Debt by and through processes I was not given Full Disclosure of, I need you to "Certify My Rights To Subrogation" In Writing:

*Matthew 6:24; "No one can serve two masters; for either he will hate the one and love the other, or he will be devoted to the one and despise the other. You cannot serve both God and money."*

<u>Refusal to grant my "Equitable Rights" in "Writing", your own "Equity Lies Against You".</u>

Signed: _Anthony Romero Horn, Sr._ this _10th_ day

**Anthony Romero Horn, Sr.**

of _July_ 20_24_.

_alice Sharpe_
My Commission Expires 11/17/2024

# United States Court of Appeals
# for the Federal Circuit

---

**ANTHONY ROMERO HORN, SR.,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1054

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

---

**JUDGMENT**

---

THIS CAUSE having been considered, it is

ORDERED AND ADJUDGED:

**AFFIRMED**

FOR THE COURT

June 7, 2024
Date

Jarrett B. Perlow
Clerk of Court

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ANTHONY ROMERO HORN, SR.,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1054

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

---

Decided: June 7, 2024

---

ANTHONY ROMERO HORN, SR., Bessemer, AL, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

2                                              HORN v. US

Before STOLL and CUNNINGHAM, *Circuit Judges*, and
CECCHI, *District Judge*.[1]

PER CURIAM.

Anthony Romero Horn, Sr. appeals from a final deci-
sion by the United States Court of Federal Claims dismiss-
ing his complaint for lack of jurisdiction. *Horn v. United
States*, No. 23-509 C, 2023 WL 6182544 (Fed. Cl. Sept. 22,
2023) ("*Decision*"). Because the Court of Federal Claims
properly dismissed the complaint, we affirm.

### BACKGROUND

Mr. Horn filed the present suit against the United
States in the Court of Federal Claims seeking monetary re-
lief from a District of Columbia family court order requir-
ing Mr. Horn to pay child support. In his complaint,
Mr. Horn raised several constitutional, criminal, and state
law claims alleging that: (1) "he was not properly served
papers by the court in his child support case"; (2) "his case
was overseen by a magistrate judge, who, [he] argues, [did]
not have the constitutional authority to rule on [his] case";
and (3) "various local and municipal staff members com-
mitted criminal acts" against him. *Decision*, 2023 WL
6182544, at *1. The Court of Federal Claims concluded it
lacked jurisdiction over Mr. Horn's complaint as his claims
were not filed within the six-year statute of limitations as
required by 28 U.S.C. § 2501. Further, the court explained
that it lacked subject matter jurisdiction over all of Mr.
Horn's claims, including (1) his claims alleging criminal
conduct; (2) his claims against defendants other than the
federal government; and (3) his claims under the First,

---

[1]    Honorable Claire C. Cecchi, District Judge, United
States District Court for the District of New Jersey, sitting
by designation.

Fourth, Sixth, and Fourteenth Amendments, which are not money-mandating.

Mr. Horn appeals.   We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). Any "[f]indings of fact relating to jurisdictional issues are reviewed for clear error." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Tucker Act provides that: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations is a jurisdictional requirement that cannot be waived. *See John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006).

After analyzing Mr. Horn's arguments, we conclude that the trial court did not err in holding that Mr. Horn's claims are time-barred under the Tucker Act. Mr. Horn's complaint stems from his "child support order that was entered sometime before November 21, 2008," and the resulting loss of his vehicle in 2014 "allegedly due to his inability to satisfy his child support obligations." *Decision*, 2023 WL 6182544, at \*4. The six-year time-limit of § 2501 "commences to run when claimants know or should know of their potential claims" and, here, more than six years have passed from the time Mr. Horn knew or should have known of these claims to the filing of Mr. Horn's complaint. *Shemonsky v. United States*, 215 F.3d 1340, 1999 WL 542849, at \*1 (Fed. Cir. 1999) (citation omitted); *see also Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) ("[U]nder § 2501, a claim does not accrue until all the events which fix the

government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." (internal quotation marks and citations omitted)). Further, to the extent that Mr. Horn argues the Court of Federal claims erred by not considering that he was unaware of the six-year time limit, the statute of limitations is not tolled by a party's lack of knowledge of the time limit. *See Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed. Cir. 1984) ("It is settled . . . that 28 U.S.C. § 2501 is not tolled by the [parties'] ignorance of their legal rights." (emphasis omitted)).

Mr. Horn also seems to challenge the Court of Federal Claims' dismissal of his claims alleging constitutional violations of the Fourth, Sixth, and Fourteenth Amendments for lack of subject matter jurisdiction.[2] We see no error in the court's dismissal. For a party's claim to come within the subject matter jurisdiction of the Court of Federal Claims, the party "must identify a . . . source of substantive law that creates the right to money damages," or in other words, is "money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted). We have repeatedly held that the constitutional claims asserted by Mr. Horn are not money-mandating. *See Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (holding that the Fourth and Fourteenth Amendments are not money-mandating and thus, do not provide jurisdiction

---

[2]   To the extent that Mr. Horn raises new issues in his appeal briefs, we do not consider these arguments because they were not raised in his submissions to the Court of Federal Claims. As a court of appellate review, we do not consider issues raised for the first time on appeal. *See Hitsman v. United States*, 825 F. App'x. 859, 861 (Fed. Cir. 2020) ("Ordinarily, we 'do[ ] not give consideration to issues not raised below.'" (alteration in original) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))).

HORN v. US                                                                                    5

under the Tucker Act); *Drake v. United States*, 792 F. App'x
916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims,
however, does not have jurisdiction to render judgment on
claims against the United States based on the Sixth
Amendment because it is not money mandating."); *Brown
v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Be-
cause monetary damages are not available for a Fourth
Amendment violation, the Court of Federal Claims does
not have jurisdiction over a such a violation.").

We have considered Mr. Horn's remaining arguments
and find them unpersuasive.[3] For the foregoing reasons,
we affirm.

### AFFIRMED

Cᴏꜱᴛꜱ

No costs.

---

[3]   On May 9, 2024, Mr. Horn filed a petition for writ
of mandamus requesting that we order the Department of
Health and Human Services and the District of Columbia
Department of Motor Vehicles to remove the indefinite sus-
pension of his commercial driver's license. We do not have
jurisdiction to do so. *See* 28 U.S.C. § 1295; *see also Perry
v. United States*, 524 F. App'x. 680, 682 (Fed. Cir. 2013) ("A
writ of mandamus is not a substitute for the regular appeal
process, . . . and cannot be used [] to rectify [a party's] fail-
ure to file in the court that has jurisdiction over his
claim.").

Anthony M. Horn, Sr.
102 Stonehaven Way
Pelham, Alabama 35124

9589 0710 5270 2125 1740 21



Retail

U.S. POSTAGE PAID
FCM LG ENV
PELHAM, AL 35124

$9.68

RDC 99

Tiffany R Cunningham
Court Of Appeals For The Federal Circuit
Howard T. Markey National Courts Building
717 Madison Place N. W.
Washington, D.C. 20439

**In The United States Court Of Appeals For The Federal Circuit**

RECEIVED
2024 JUL 15 AM 9: 20
US COURT OF APPEALS
FEDERAL CIRCUIT

**Implied Surety: Anthony Romero Horn, Sr.**

**Judge: Claire C. Cecchi**                    **Case: 24-1054**

## <u>Notice Of Subrogation: Clerk Of Court</u>

I have been made Secondarily Responsible for Debt by and through processes I was not given Full Disclosure of, I need you to "Certify My Rights To Subrogation" In Writing:

*Matthew 6:24; "No one can serve two masters; for either he will hate the one and love the other, or he will be devoted to the one and despise the other. You cannot serve both God and money."*

<u>Refusal to grant my "Equitable Rights" in "Writing", your own "Equity Lies Against You".</u>

Signed: ___*Anthony Romero Horn, Sr.*___ this __10th__ day
                Anthony Romero Horn, Sr.

of ___*July*___ 20__24__.

*Alice Sharpe*
My Commission Expires 11/17/2024

# United States Court of Appeals
# for the Federal Circuit

## ANTHONY ROMERO HORN, SR.,
*Plaintiff-Appellant*

v.

## UNITED STATES,
*Defendant-Appellee*

---

### 2024-1054

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

---

### JUDGMENT

---

THIS CAUSE having been considered, it is

ORDERED AND ADJUDGED:

**AFFIRMED**

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 7, 2024
Date

Before STOLL and CUNNINGHAM, *Circuit Judges*, and
CECCHI, *District Judge*.[1]

PER CURIAM.

Anthony Romero Horn, Sr. appeals from a final deci-
sion by the United States Court of Federal Claims dismiss-
ing his complaint for lack of jurisdiction. *Horn v. United
States*, No. 23-509 C, 2023 WL 6182544 (Fed. Cl. Sept. 22,
2023) ("*Decision*"). Because the Court of Federal Claims
properly dismissed the complaint, we affirm.

## BACKGROUND

Mr. Horn filed the present suit against the United
States in the Court of Federal Claims seeking monetary re-
lief from a District of Columbia family court order requir-
ing Mr. Horn to pay child support.   In his complaint,
Mr. Horn raised several constitutional, criminal, and state
law claims alleging that: (1) "he was not properly served
papers by the court in his child support case"; (2) "his case
was overseen by a magistrate judge, who, [he] argues, [did]
not have the constitutional authority to rule on [his] case";
and (3) "various local and municipal staff members com-
mitted criminal acts" against him.   *Decision*, 2023 WL
6182544, at *1.  The Court of Federal Claims concluded it
lacked jurisdiction over Mr. Horn's complaint as his claims
were not filed within the six-year statute of limitations as
required by 28 U.S.C. § 2501.  Further, the court explained
that it lacked subject matter jurisdiction over all of Mr.
Horn's claims, including (1) his claims alleging criminal
conduct; (2) his claims against defendants other than the
federal government; and (3) his claims under the First,

---

[1]   Honorable Claire C. Cecchi, District Judge, United
States District Court for the District of New Jersey, sitting
by designation.

Fourth, Sixth, and Fourteenth Amendments, which are not money-mandating.

Mr. Horn appeals.    We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). Any "[f]indings of fact relating to jurisdictional issues are reviewed for clear error." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Tucker Act provides that: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations is a jurisdictional requirement that cannot be waived. *See John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006).

After analyzing Mr. Horn's arguments, we conclude that the trial court did not err in holding that Mr. Horn's claims are time-barred under the Tucker Act. Mr. Horn's complaint stems from his "child support order that was entered sometime before November 21, 2008," and the resulting loss of his vehicle in 2014 "allegedly due to his inability to satisfy his child support obligations." *Decision*, 2023 WL 6182544, at *4. The six-year time-limit of § 2501 "commences to run when claimants know or should know of their potential claims" and, here, more than six years have passed from the time Mr. Horn knew or should have known of these claims to the filing of Mr. Horn's complaint. *Shemonsky v. United States*, 215 F.3d 1340, 1999 WL 542849, at *1 (Fed. Cir. 1999) (citation omitted); *see also Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) ("[U]nder § 2501, a claim does not accrue until all the events which fix the

government's alleged liability have occurred and the plain-
tiff was or should have been aware of their existence." (in-
ternal quotation marks and citations omitted)).  Further,
to the extent that Mr. Horn argues the Court of Federal
claims erred by not considering that he was unaware of the
six-year time limit, the statute of limitations is not tolled
by a party's lack of knowledge of the time limit.  *See Me-
nominee Tribe of Indians v. United States*, 726 F.2d 718,
720–21 (Fed. Cir. 1984) ("It is settled . . . that 28 U.S.C.
§ 2501 is not tolled by the [parties'] ignorance of their legal
rights." (emphasis omitted)).

Mr. Horn also seems to challenge the Court of Federal
Claims' dismissal of his claims alleging constitutional vio-
lations of the Fourth, Sixth, and Fourteenth Amendments
for lack of subject matter jurisdiction.[2]  We see no error in
the court's dismissal.  For a party's claim to come within
the subject matter jurisdiction of the Court of Federal
Claims, the party "must identify a . . . source of substantive
law that creates the right to money damages," or in other
words, is "money-mandating."  *Fisher v. United States*,
402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted).  We
have repeatedly held that the constitutional claims as-
serted by Mr. Horn are not money-mandating.  *See Allen
v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013)
(holding that the Fourth and Fourteenth Amendments are
not money-mandating and thus, do not provide jurisdiction

---

[2]    To the extent that Mr. Horn raises new issues in
his appeal briefs, we do not consider these arguments be-
cause they were not raised in his submissions to the Court
of Federal Claims.  As a court of appellate review, we do
not consider issues raised for the first time on appeal.  *See
Hitsman v. United States*, 825 F. App'x 859, 861 (Fed. Cir.
2020) ("Ordinarily, we 'do[ ] not give consideration to issues
not raised below.'" (alteration in original) (quoting *Hormel
v. Helvering*, 312 U.S. 552, 556 (1941))).

HORN v. US                                                    5

under the Tucker Act); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation.").

We have considered Mr. Horn's remaining arguments and find them unpersuasive.[3] For the foregoing reasons, we affirm.

**AFFIRMED**

Costs

No costs.

---

[3]   On May 9, 2024, Mr. Horn filed a petition for writ of mandamus requesting that we order the Department of Health and Human Services and the District of Columbia Department of Motor Vehicles to remove the indefinite suspension of his commercial driver's license. We do not have jurisdiction to do so. *See* 28 U.S.C. § 1295; *see also Perry v. United States*, 524 F. App'x. 680, 682 (Fed. Cir. 2013) ("A writ of mandamus is not a substitute for the regular appeal process, . . . and cannot be used [] to rectify [a party's] failure to file in the court that has jurisdiction over his claim.").



Anthony A. Horn, Sr.
102 Stonehaven Way
Pelham, Alabama 35124

70 2125 1740 14

PLACE AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

9589 0710 5270 2125 1740 14



Retail

U.S. POSTAGE PAID
FCM LG ENV
PELHAM, AL 35124

$9.68

R2304E103499-72

RDC 99

Claire C. Cecchi
Court Of Appeals For The Federal Circuit
Howard T. Markey National Courts Building
717 Madison Place N.W.
Washington, D.C. 20439

**In The United States Court Of Appeals For The Federal Circuit**

RECEIVED 2024 JUL 15 AM 9:20 US COURT OF APPEALS FEDERAL CIRCUIT

Implied Surety: Anthony Romero Horn, Sr.

~~Judge~~ *Clerk of Court*: Jarrett B. Perlow          Case: 24-1054

## <u>Notice Of Subrogation: Clerk Of Court</u>

I have been made **Secondarily Responsible for Debt** by and through processes I was not given **Full Disclosure** of, I need you to "Certify My Rights To Subrogation" In Writing:

*Matthew 6:24; "No one can serve two masters; for either he will hate the one and love the other, or he will be devoted to the one and despise the other. You cannot serve both God and money."*

<u>Refusal to grant my "Equitable Rights" in "Writing", your own "Equity Lies Against You".</u>

Signed: _____ this __10th__ day

**Anthony Romero Horn, Sr.**

of ___July_____ 20 __24__ .

*Alice Sharpe*

My Commission Expires 11/17/2024

# United States Court of Appeals
# for the Federal Circuit

---

## ANTHONY ROMERO HORN, SR.,
*Plaintiff-Appellant*

v.

## UNITED STATES,
*Defendant-Appellee*

---

### 2024-1054

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

---

### JUDGMENT

---

THIS CAUSE having been considered, it is

ORDERED AND ADJUDGED:

**AFFIRMED**

FOR THE COURT



June 7, 2024
Date

Jarrett B. Perlow
Clerk of Court

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY ROMERO HORN, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1054

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

---

Decided: June 7, 2024

---

ANTHONY ROMERO HORN, SR., Bessemer, AL, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before STOLL and CUNNINGHAM, *Circuit Judges,* and
CECCHI, *District Judge.*[1]

PER CURIAM.

Anthony Romero Horn, Sr. appeals from a final deci-
sion by the United States Court of Federal Claims dismiss-
ing his complaint for lack of jurisdiction. *Horn v. United
States,* No. 23-509 C, 2023 WL 6182544 (Fed. Cl. Sept. 22,
2023) (*"Decision"*). Because the Court of Federal Claims
properly dismissed the complaint, we affirm.

## BACKGROUND

Mr. Horn filed the present suit against the United
States in the Court of Federal Claims seeking monetary re-
lief from a District of Columbia family court order requir-
ing Mr. Horn to pay child support. In his complaint,
Mr. Horn raised several constitutional, criminal, and state
law claims alleging that: (1) "he was not properly served
papers by the court in his child support case"; (2) "his case
was overseen by a magistrate judge, who, [he] argues, [did]
not have the constitutional authority to rule on [his] case";
and (3) "various local and municipal staff members com-
mitted criminal acts" against him. *Decision,* 2023 WL
6182544, at *1. The Court of Federal Claims concluded it
lacked jurisdiction over Mr. Horn's complaint as his claims
were not filed within the six-year statute of limitations as
required by 28 U.S.C. § 2501. Further, the court explained
that it lacked subject matter jurisdiction over all of Mr.
Horn's claims, including (1) his claims alleging criminal
conduct; (2) his claims against defendants other than the
federal government; and (3) his claims under the First,

---

[1]    Honorable Claire C. Cecchi, District Judge, United
States District Court for the District of New Jersey, sitting
by designation.

Fourth, Sixth, and Fourteenth Amendments, which are not money-mandating.

Mr. Horn appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). Any "[f]indings of fact relating to jurisdictional issues are reviewed for clear error." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Tucker Act provides that: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations is a jurisdictional requirement that cannot be waived. *See John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006).

After analyzing Mr. Horn's arguments, we conclude that the trial court did not err in holding that Mr. Horn's claims are time-barred under the Tucker Act. Mr. Horn's complaint stems from his "child support order that was entered sometime before November 21, 2008," and the resulting loss of his vehicle in 2014 "allegedly due to his inability to satisfy his child support obligations." *Decision*, 2023 WL 6182544, at *4. The six-year time-limit of § 2501 "commences to run when claimants know or should know of their potential claims" and, here, more than six years have passed from the time Mr. Horn knew or should have known of these claims to the filing of Mr. Horn's complaint. *Shemonsky v. United States*, 215 F.3d 1340, 1999 WL 542849, at *1 (Fed. Cir. 1999) (citation omitted); *see also Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) ("[U]nder § 2501, a claim does not accrue until all the events which fix the

government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." (internal quotation marks and citations omitted)). Further, to the extent that Mr. Horn argues the Court of Federal claims erred by not considering that he was unaware of the six-year time limit, the statute of limitations is not tolled by a party's lack of knowledge of the time limit. *See Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed. Cir. 1984) ("It is settled . . . that 28 U.S.C. § 2501 is not tolled by the [parties'] ignorance of their legal rights." (emphasis omitted)).

Mr. Horn also seems to challenge the Court of Federal Claims' dismissal of his claims alleging constitutional violations of the Fourth, Sixth, and Fourteenth Amendments for lack of subject matter jurisdiction.[2] We see no error in the court's dismissal. For a party's claim to come within the subject matter jurisdiction of the Court of Federal Claims, the party "must identify a . . . source of substantive law that creates the right to money damages," or in other words, is "money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted). We have repeatedly held that the constitutional claims asserted by Mr. Horn are not money-mandating. *See Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (holding that the Fourth and Fourteenth Amendments are not money-mandating and thus, do not provide jurisdiction

---

[2]    To the extent that Mr. Horn raises new issues in his appeal briefs, we do not consider these arguments because they were not raised in his submissions to the Court of Federal Claims. As a court of appellate review, we do not consider issues raised for the first time on appeal. *See Hitsman v. United States*, 825 F. App'x. 859, 861 (Fed. Cir. 2020) ("Ordinarily, we 'do[ ] not give consideration to issues not raised below.'" (alteration in original) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))).

under the Tucker Act); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation.").

We have considered Mr. Horn's remaining arguments and find them unpersuasive.[3] For the foregoing reasons, we affirm.

### AFFIRMED

#### COSTS

No costs.

---

[3] On May 9, 2024, Mr. Horn filed a petition for writ of mandamus requesting that we order the Department of Health and Human Services and the District of Columbia Department of Motor Vehicles to remove the indefinite suspension of his commercial driver's license. We do not have jurisdiction to do so. *See* 28 U.S.C. § 1295; *see also Perry v. United States*, 524 F. App'x. 680, 682 (Fed. Cir. 2013) ("A writ of mandamus is not a substitute for the regular appeal process, . . . and cannot be used [] to rectify [a party's] failure to file in the court that has jurisdiction over his claim.").

Anthony R. Horn, Jr.
102 Stonehaven Way
Pelham, Alabama 35124

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

9589 0710 5270 2125 1739 70



Retail



UNITED STATES
POSTAL SERVICE®



20439

RDC 99



U.S. POSTAGE PAID
FCM LG ENV
PELHAM, AL 35124
JUL 10, 2024

$9.68

R2304E105499-72

Jarrett B. Perlow (Clerk Of Court)
Court Of Appeals For The Federal Circuit
Howard T. Markey National Courts Building
717 Madison Place N.W.
Washington, D.C. 20439